**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30131 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-05105-RBL-1 |
| v. | |
| LUIS HERNANDEZ SANDOVAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 29, 2016**
Seattle, Washington

Before: HAWKINS, and McKEOWN, Circuit Judges, and EZRA,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Luis Hernandez Sandoval appeals his sentence of 120 months for conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The sentence was imposed pursuant to a plea agreement that included a waiver of appeal, which stated: "Defendant acknowledges that by entering the guilty plea(s) . . . [he] waives to the full extent of the law" any right to direct appeal of his sentence under 18 U.S.C. § 3742 and any right to collateral attack, "except as it relates to the effectiveness of legal representation." We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and review de novo the validity of an appeal waiver. *See United States v. Lightfoot*, 626 F.3d 1092, 1093–94 (9th Cir. 2010).

Hernandez Sandoval contends that the district court impermissibly referenced his race, ethnicity, or national origin during the sentencing hearing, thereby rendering the sentence unconstitutional and the appeal waiver unenforceable. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) ("[T]he waiver of a right to appeal may be subject to certain exceptions such as . . . racial disparity in sentencing among codefendants . . . ."). We disagree.

"Whether [the defendant's] right to due process was violated hinges upon the district court's actual basis for imposing a stricter sentence." *United States v. Borrero-Isaza*, 887 F.2d 1349, 1352 (9th Cir. 1989). The district court made

2

passing reference to "strong family ties" in "Spanish culture" and referred to "Hispanic families." These statements were not the basis for enhancing Hernandez Sandoval's sentence, which fell well below the Guideline range, but were made in response to defense counsel's attempt to minimize the fact that three of Hernandez Sandoval's children had been convicted of dealing drugs. Nor did the court's observation that Hernandez Sandoval was the "patriarch" of a close knit family, many of whom had come to court that day to support him, constitute an impermissible reference to his race or national origin. *Cf. Borrero-Isaza*, 887 F.2d at 1353 (heightened sentence violated due process because the district court impermissibly concluded that "[the defendant] comes from a country of origin, namely, Colombia, which is a country that supplies much of the narcotics to this country . . . [they] are the total scourge of this country right now, and I am not going to tolerate it, and I want the message to go to Colombia that we are not going to accept this kind of thing.").

Because Hernandez Sandoval's waiver is valid and enforceable, we dismiss the appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) ("Absent some miscarriage of justice . . . we will not exercise [appellate] jurisdiction to review the merits of [an] appeal if we conclude that [the defendant]

knowingly and voluntarily waived the right to bring the appeal." (internal

alterations and quotation marks omitted)).

**DISMISSED.**